**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

MUKHAMMAD AZIMOV,

       Petitioner,

v.    No. 1:26-cv-01245-MLG-LF

CIBOLA COUNTY
CORRECTIONAL CENTER, et al.,

       Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING**
**RESPONDENTS IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Mukhammad Azimov's Petition for Writ of Habeas Under 28 U.S.C. §§ 2241 and 2243 ("Petition"), Doc. 1. When Azimov entered the United States in June 2021, he was placed on conditional parole[1] pursuant to 8 U.S.C. § 1226(a)(B)(2) and was released pending any future removal proceedings. Doc. 1 at 5 ¶¶ 22-24. On February 2, 2026 Department of Homeland Security ("DHS") re-arrested Azimov and detained him pursuant to 8 U.S.C. § 1225.[2] Azimov is presently detained at the Cibola County Correctional Center in New Mexico. Doc. 1 at 2, 3 ¶¶ 3, 8.

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Azimov incorrectly states the section of the Immigration and Nationality Act ("INA") that Respondents are relying on for his detention. The Petition states that DHS detained Azimov pursuant to 8 U.S.C. § 1226 in February 2026. Doc. 1 at 5 ¶ 26. Azimov further asserts that when he was denied bond by an Immigration Judge ("IJ") on the grounds of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the IJ held "that § 1226 mandates detention without bond, concluding that Petitioner was subject to 'mandatory detention'[.]" *Id.* at ¶ 29. Respondents are

Azimov requested a bond hearing pursuant to § 1226(a). *Id.* at ¶ 27. That request was denied on February 6, 2026, when an Immigration Judge ("IJ") concluded Azimov was subject to mandatory detention per the Bureau of Immigration Affairs' ("BIA") holding in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) *Id.* at ¶¶ 28-29. The IJ did not make an individualized dangerousness or flight risk determination. *Id.* at ¶ 30. An order of removal was issued on April 15, 2026; however, Azimov intended to file an appeal of the order at the time he filed the Petition. *Id.* at ¶ 32-33. Respondents do not assert that the April 15 order of removal is final, and so the Court assumes an appeal was timely filed and a final order of removal is not yet in effect.[3] *See generally* Doc. 4.

Azimov claims his continued detention violates the Fifth Amendment Due Process Clause. Doc. 1 at 16-17 ¶¶ 72-78. He further asserts that § 1225 does not apply and his detention is instead governed by § 1226(a) because he has resided within the United States for more than two years. *Id.* at 15-16 ¶¶ 66-71. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal

---

instead relying on 8 U.S.C. § 1225(b)(2)(a) as the grounds for Azimov's detention. Doc. 4 at 2. This is further reflected in the IJ's reliance on *Hurtado*. Doc. 1 at 5 ¶ 29. In *Hurtado*, the BIA affirmed that IJs do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under Section 235(b)(2)(A) of the [INA], 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. at 220. Azimov appears to correct his mistake by discussing how § 1225 does not apply to his case. Doc. 1 at 15-16 ¶¶ 66-71.

[3] Pre-removal custody is still at issue if Azimov timely appealed the order. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

2

immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 17-18. On May 20, 2026, Respondents filed a Response to the Petition. Doc. 4.

## DISCUSSION

### I.    Section 1226 Governs Azimov's Detention

The dispositive question presented is whether Azimov's detention is governed by § 1226(a), or whether he is instead subject to the mandatory detention provision provided by § 1225(b)(2)(A).[4] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Azimov's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[5] like Azimov, who has resided in the United States for five years. Doc. 1 at 5 ¶ 22-23; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco*

---

[4] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[5] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

*Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents maintain their position that § 1225(b)(2)(A) applies to Azimov's detention. *See* Doc. 4 at 2. They concede that the Court's prior rulings would control the result here. *Id*. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) for the proposition that § 1225(b)(2)(A) controls. *See* Doc. 4 at 3 n. 2. This is not binding authority. Additionally, most circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Azimov rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-45 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Court agrees with the majority view and holds that § 1226(a) governs Azimov's detention.

## II.    Ongoing Violation of the Fifth Amendment Due Process Clause

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also*

4

*Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Azimov is entitled—as a right—to the due process provided to him under that statute, an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at *4-5. Azimov's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

### III.    Immediate Release is the Appropriate Remedy

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotations omitted)(citing 28 U.S.C. § 2243) *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice'" (emphasis in original)) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969). Azimov has been deprived of liberty since February 2026 due to Respondent's violation of § 1226(a). Doc. 1 at 5 ¶ 25. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez,* 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Azimov's due process rights, the remedy justice requires in this matter is immediate release. *See*

*Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Azimov and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id* at *8; *see also Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Azimov's Petition. Respondents shall release Azimov within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in February 2026 along with a copy of this Order.

If Respondents decide to re-detain Azimov, they must provide him with a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing Azimov's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA